IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYVELL VANN,

      Plaintiff,

vs.                                                        No. CV 16-01203 MV/LF

UNITED STATES OF AMERICA,
TODD B. HOTCHKISS, DAVID L.
PLOTSKY, AND MARGARET A.
KATZE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under § 1915(e)(2)(B) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") filed by Plaintiff Rayvell Vann on October 31, 2016. (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

Plaintiff Vann is proceeding pro se and *in forma pauperis*. (Doc. 4). The Court has the discretion to dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is

1

plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Vann asserts claims under § 1983 arising out of his criminal conviction in case No. CR 12-00966 PJK. Vann has also filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* CR 12-00966 PJK Doc. 277 and No. CV 16-01204 PJK/LAM Doc. 2. Vann was convicted of possession with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of Phencyclidine (PCP) and possession with intent to distribute Codeine, and was sentenced to 180 months imprisonment. (CR 12-00966 PJK Doc. 227). In his Complaint, Vann alleges Sixth Amendment and due process violations from ineffective assistance of counsel in his criminal case. (Doc. 1 at 3). Vann claims his counsel, Defendants Hotchkiss, Plotsky, and Katze, failed to challenge certain evidence, did not call him to testify on his own behalf, and failed to raise an issue on appeal under *Alleyne v. United States,* 570 U.S. ___, 133 S.Ct. 2151 (2013). (Doc. 1 at 3). Vann seeks to have his "conviction set aside, vacated, or corrected and any other relief." Doc. 1 at 6).

Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). The state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Stone v. Elohim, Inc.*, 336 Fed.App'x 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).  The United States is not a State entity.  As such, it never acts under color of state law.  Vann's criminal defense attorneys similarly were not acting under color of state law in defending him against federal criminal charges in federal court. *Allred v. McCaughey*, 257 F. App'x 91, 92–93 (10th Cir. 2007).  The Complaint fails to state any claim for relief against the United States or Defendants Hotchkiss, Plotsky, or Katze under 42 U.S.C. § 1983. *McCarty v. Gilchrist*, 646 F.3d at 1285.

The Court could construe Vann's Complaint to allege claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). However, the Complaint also fails to state any claim for relief pursuant to *Bivens*. *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). Therefore, any *Bivens* claim for damages against the United States fails.

Nor does the Complaint state a *Bivens* claim against Vann's defense counsel. To raise a *Bivens* claim, Vann must show that Hotchkiss, Plotsky, and Katze were federal officers acting under color of federal law. *Bivens,* 403 U.S. at 389, 91 S.Ct. 1999. However, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action. An attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant.  As a result, public defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens. Allred v. McCaughey*, 257 F.App'x at 92–93. Because Hotchkiss,

Plotsky, and Katze are not federal officers, Vann cannot state a *Bivens* claim for relief against them.

Moreover, even if the Defendants were acting under color of either state or federal law, Vann's claims would still be barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Vann's claims are more properly characterized as *Bivens* claims than as § 1983 claims. However, any *Bivens* cause of action Vann asserts would still be barred under *Heck*. The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions and against state officials under 42 U.S.C. § 1983. *Doe v. District of Columbia,* 697 F.2d 1115, 1123 (D.C. Cir. 1983). *Heck* rests on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor. *Heck,* 512 U.S. at 484-87. There is no basis for distinguishing the statutory cause of action against state officers under § 1983 and the judicially-devised *Bivens* cause of action against federal officials. *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam); *Abella v. Rubino,* 63 F.3d 1063, 1065

(11th Cir.1995) (per curiam); *Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995) (per curiam); *Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994) (per curiam).

The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015). Vann's Request for Relief specifically asks the Court to set aside, vacate, or correct his criminal conviction. (Doc. 1 at 6). Vann's request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Vann's claims would require treating his conviction and sentence in No. CR 12-00966 PJK as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The claims against the Defendants are barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under § 1915(e)(2)(B).

The Court will dismiss Vann's Complaint without leave to amend. Regardless of whether Vann is asserting his claims under § 1983 or through a *Bivens* action, he is still seeking to invalidate his criminal sentence (Doc. 1 at 4-6). Therefore, any cause of action would be barred by *Heck* and granting Vann leave to amend is futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991).

The Court will also dismiss Vann's Complaint under Fed. R. Civ. P. 41(b). On November 2, 2016, the Court granted Vann leave to proceed *in forma* pauperis and ordered Vann to make an initial partial payment of $42.25 under 28 U.S.C. § 1915 or show cause why the initial partial payment should be excused within thirty days. (Doc. 4). Vann did not make the initial partial payment but, instead, filed a second Application to Proceed in District Court

Without Prepaying Fees or Costs. (Doc. 6). The Court construes Vann's second Application as a response to the Court's November 2, 2016 Order and determines that Vann has failed to show good cause why the initial partial payment should be excused.

His second Application includes an eight-month statement of deposits to his inmate account. (Doc. 6 at 6). The deposits total $1,752.35, for an eight-month average of $219.04. Twenty percent of $219.04 is $43.81, which is an amount greater than the initial partial payment of $42.25 ordered by the Court. Vann has failed to make the initial partial payment of $42.25 or to show cause why the payment should be excused. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will also dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with the Court's November 2, 2016 Order.

**IT IS THEREFORE ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") filed by Plaintiff Rayvell Vann on October 31, 2016. (Doc. 1) is **DISMISSED** for failure to state a claim under § 1915(e)(2)(B) and for failure to comply with a Court Order under Fed. R. Civ. P. 41(b). The dismissal is without prejudice to Vann's pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in CR 12-00966 PJK and CV 16-01204 PJK/LAM.

_____
UNITED STATES DISTRICT JUDGE